PORT AUTHORITY MEMBERSHIP RESTRICTIONS Following the engineering and designation of a port site by a port authority under Title 82 O.S. 1101 [82-1101] (1971) et seq., an individual owning land or representing in a fiduciary capacity or as an agent for another person owning land located within five (5) miles of said port can serve as a member of that port authority. In the event an individual is serving as a member of a port authority under the exception which is mentioned in the answer to question No. 1, he is not subject to removal solely on the basis of such ownership or representation of ownership. In the event a member owns land or represents the ownership of lands located within five (5) miles of any lands merely being examined or surveyed for expansion of an existing and designated port, such member does not have to resign but is subject to removal by the appointing body. The Attorney General has considered your request for an opinion on the following questions raised in your letter of November 8, 1971, wherein you asked: "1. Following the site of a port being engineered and designed by a port authority under 82 O.S. 1101 [82-1101] et seq., can an individual owning land, other than a residence, or representing in a fiduciary capacity or as an agent, any person owning land located within five (5) miles of said port, serve as a member on that port authority? "2. In the event such an individual can serve as a member, is he subject to removal on the basis of such ownership or representation of ownership alone? "3. In the event such an individual can serve as a member, must he resign or is he merely subject to removal if he owns or represents the ownership of lands located within five (5) miles of any lands examined or surveyed for expansion of an existing, engineered and designed port?" Title 82 O.S. 1102 [82-1102](a) (1971) mentioned in your letter, states in three different sentences what restrictions exist concerning the member of a port authority owning or holding in a fiduciary manner property in or near the port area. These sentences are set out and separated for the purpose of this opinion: "1. No member of said authority shall serve as such who owns land, other than a residence, or represents in a fiduciary capacity or as agent any person who owns land located in an area within five (5) miles of land surveyed or examined for port location. "2. Any member of said authority who has any interests which will conflict with the interests of the authority shall be subject to removal. "3. Any member of the authority owning lands or having lands under his control as agent or in any fiduciary capacity in an area surveyed or examined for port location shall be deemed to have a conflict of interest and subjected to removal except this limitation or membership and conflict of interests shall not apply where the site of a port has been presently engineered and designated by a port authority already organized under this act." These sentences, taken in order, appear to bar membership to anyone who owns or holds any property in an area within five (5) miles of land surveyed or examined for port location, appear to say that a conflict of interest is cause for removal (as set forth in 11034 (82 O.S. 1103 [82-1103](4)), and appear to make the ownership or holding of land within the area surveyed or examined for a port location cause for removal. The exception to the restrictions on membership is where the person owns or holds land in a fiduciary capacity in the area in which the site for the port has already been designated and selected by an authority organized under the act. In other words, if a person owns or holds land in a fiduciary capacity in an area under study as a possible port site, he cannot serve as a member of the port authority; on the other hand, if the port site has already been selected and designated prior to his being appointed as a member of the authority, he would not be prohibited from serving on the authority (unless he were involved in a conflict of interests in some other way). With reference to your first question, it appears that the exception mentioned above would allow a person who owns land, or holds land in a fiduciary capacity, to be appointed to serve as a member on a port authority following the designation of the site of a port by the port authority. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative "that following the site of a port being engineered and designated by a port authority under 82 O.S. 1101 [82-1101], et seq., an individual owning land, other than a residence, or representing in a fiduciary capacity or as an agent for another person owning land located within five (5) miles of said port, can serve as a member of that port authority. With reference to your second question, the exception to the restrictions of membership mentioned above would protect the individual from being removed on the basis of such ownership or representation of ownership. It is therefore, the opinion of the Attorney General that your second question be answered as follows: In the event an individual is serving as a member of a port authority under the exception which is mentioned in the answer to question No. 1, he is not subject to removal solely on the basis of such ownership or representation of ownership. With reference to your third question, the answer to this question would be found in the sentence which states: "No member of said authority shall serve as such who owns land, other than a residence, or represents in a fiduciary capacity or as an agent any person who owns land located in an area within five (5) miles of lands surveyed or examined for port location." Your third question indicates that the individual concerned owns land within an area that is merely being examined and surveyed for a possible port expansion and has not been actually designated as the site for a port expansion. The third restrictive sentence states that ownership or control of land within an area that is being surveyed or examined for port expansion shall be deemed a conflict of interest and said person shall be subjected to removal. Section 82 O.S. 1103 [82-1103](c) states in part: " . . . and no director shall be removed except for cause . . .". The restrictive sentences in paragraph 1102 (a) and the part quoted in Section 82 O.S. 1103 [82-1103](c), taken together, at least indicate that ownership in an area surveyed or examined for port location (or expansion) is grounds for cause for removal. Section 82 O.S. 1103 [82-1103](a) states in part: " . . . the appointing body may at any time remove a director appointed by it for misfeasance, nonfeasance, or malfeasance in office." Thus, it would appear that ownership or control of lands in an area being surveyed or examined for port expansion would be grounds for removal, but that removal is not automatic, but instead, would take action on the part of the appointing body to remove said member. It is, therefore, the opinion of the Attorney General that your third question be answered as follows: In the event a member owns land or represents the ownership of lands located within five (5) miles of any lands merely being examined or surveyed for expansion of an existing and designated port, such member does not need to resign but is subject to removal by the appointing body. (Todd Markum)